IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JAMES WESLEY BERNARD, a/k/a<br>GAMAR DUSHAWN KELLY, a/k/a<br>"GHOST",<br><br>Defendant. | Case No. 1:18-cr-90<br><br>**PLEA AGREEMENT** |

Pursuant to Rule 11(c)(1)(A) and 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the United States of America, by its attorneys, Drew H. Wrigley, United States Attorney for the District of North Dakota, and Dawn M. Deitz, Assistant United States Attorney; defendant, JAMES WESLEY BERNARD, a/k/a GAMAR DUSHAWN KELLY, a/k/a "GHOST"; and defendant's counsel, Luke Heck, agree to the following:

1. Defendant acknowledges the Information charges violations of Title 18 U.S.C. § 2; and 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846.

2. Defendant has read the charges and defendant's attorney has fully explained the charges to defendant.

3. Defendant fully understands the nature and elements of the charged crimes.

4. Defendant will voluntarily plead guilty to Count One of the Information.

5. The parties agree this Plea Agreement shall be filed as part of the Court record and be governed by Federal Rule of Criminal Procedure 11(c). The parties specifically agree that Rule 11(c)(1)(C) **does** apply. **The United States will be bound to**

**make a recommendation not to exceed 96 months incarceration.** The Defendant, through his attorney, is free to make any recommendation so deemed appropriate. If the United States makes the **binding** recommendations specified in this Plea Agreement, then defendant acknowledges that this agreement will have been fulfilled. The Court's refusal to accept any or all terms of the Plea Agreement does give defendant a right to withdraw defendant's guilty plea.

6. Defendant will plead guilty because defendant is in fact guilty of the charges. In pleading guilty to Count One, defendant acknowledges that:

Count One – Conspiracy to Distribute and Possess with Intent to Distribute a Controlled Substance
a. From in or about summer 2016 through the date of this Indictment, in the District of North Dakota, and elsewhere, the Defendant knowingly and intentionally combined, conspired, confederated, and agreed together and with others, both known and unknown to the grand jury, to distribute and possess with intent to distribute: (a) a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, and (b) a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance;
b. In furtherance of this conspiracy and to effect and accomplish the objects of it, one or more of the conspirators committed the following overt acts: It was a part of said conspiracy that one or more of the conspirators transported heroin and fentanyl from the state of Michigan into the state of North Dakota; It was further a part of said conspiracy that certain conspirators sought and located users of heroin and fentanyl to purchase controlled substances from other conspirators; It was further a part of said conspiracy that certain conspirators distributed heroin and fentanyl to another person; It was further a part of said conspiracy that on June 28, 2016, ROY ASKEW, a/k/a "SPOKES," individually, and by aiding and abetting, knowingly and intentionally distributed a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance; It was further a part of said conspiracy that on July 1, 2016, ROY ASKEW, a/k/a "SPOKES," individually, and by aiding and abetting, knowingly and intentionally distributed a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance; It was further a part of said conspiracy that on July 5, 2016,

2

ROY ASKEW, a/k/a "SPOKES," individually, and by aiding and abetting, knowingly and intentionally distributed a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance; It was further a part of said conspiracy that on July 7, 2016, ROY ASKEW, a/k/a "SPOKES," individually, and by aiding and abetting, knowingly and intentionally distributed a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance; It was further a part of said conspiracy that on July 19, 2016, ROY ASKEW, a/k/a "SPOKES," individually, and by aiding and abetting, knowingly and intentionally possessed with intent to distribute a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance; It was further a part of said conspiracy that on January 7, 2018, JAMES WESLEY BERNARD, a/k/a GAMAR DUSHAWN KELLY, a/k/a "GHOST," individually, and by aiding and abetting, knowingly and intentionally distributed a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance; It was further a part of said conspiracy that certain conspirators oversaw heroin and fentanyl distribution activities; It was further a part of said conspiracy that certain conspirators sought and located sub-distributors of heroin and fentanyl for other conspirators; It was further a part of said conspiracy that one or more of the conspirators acted as a lookout for heroin and fentanyl transactions; It was further a part of said conspiracy that one or more of the conspirators attempted to conceal their activities; It was further a part of said conspiracy that one or more of the conspirators would and did use United States currency and other forms of currency in their drug transactions; It was further a part of said conspiracy that one or more conspirators would and did use telecommunication facilities, including cellular phones, to facilitate the distribution of controlled substances; and It was further a part of said conspiracy that one or more conspirators collected money from other persons to purchase heroin and fentanyl;

c. The Defendant acknowledges sufficient facts exists to sustain a conviction pursuant to Title 21, United States Code, Section 846, and Title 18, United States Code, Section 2. The Defendant further acknowledges the Court has jurisdiction over this matter.

7. Defendant understands the following maximum penalties apply:

<u>Count One - Conspiracy to Distribute and Possess with Intent to Distribute a Controlled Substance</u>

| | |
|---|---|
| Imprisonment: | 20 years |
| Fine: | $1,000,000 |
| Supervised Release: | 3 years mandatory |
| Special Assessment: | $100 |

Defendant agrees to pay the Clerk of United States District Court the special assessment on or before the day of sentencing.

8. Defendant understands that by pleading guilty defendant surrenders rights, including:

(a) The right to a speedy public jury trial and related rights as follow:

(i) A jury would be composed of twelve (12) lay persons selected at random. Defendant and defendant's attorney would help choose the jurors by removing prospective jurors "for cause," where actual bias or other disqualification is shown; or by removing jurors without cause by exercising so-called peremptory challenges. The jury would have to agree unanimously before it could return a verdict. The jury would be instructed that defendant is presumed innocent and that it could not return a guilty verdict unless it found defendant guilty beyond a reasonable doubt.

(ii) If a trial were held without a jury, then the Judge would find the facts and determine whether defendant was guilty beyond a reasonable doubt.

(iii) At a trial, whether by a jury or Judge, the United States is required to present witness testimony and other evidence against defendant.

4

Defendant's attorney can confront and examine them. In turn, the defense can present witness testimony and other evidence. If witnesses for defendant refuse to appear voluntarily, defendant can require their attendance through the subpoena power of the Court.

(iv) At a trial, defendant has a privilege against self-incrimination; thus, defendant can decline to testify. No inference of guilt can be drawn from defendant's refusal to testify. Defendant can choose to testify, but cannot be required to testify.

(b) Defendant has a right to remain silent. However, under terms of the Plea Agreement, the Judge will likely ask defendant questions about defendant's criminal conduct to ensure that there is a factual basis for defendant's plea.

9. Defendant understands that by pleading guilty defendant is giving up all of the rights set forth in the prior paragraph, and there will be no trial. Defendant's attorney has explained those rights, and consequences of defendant's waiver.

10. The Court shall impose a sentence sufficient to comply with purposes set forth in the Sentencing Reform Act. In doing so, the Court shall consider factors set forth in 18 U.S.C. § 3553(a), and must consult and take into account the United States' Sentencing Commission, Guidelines Manual, (Nov. 2016) (USSG). Defendant understands that the United States Attorney's Office will fully apprise the District Court and the United States Probation and Pretrial Services Office of the nature, scope, and extent of defendant's conduct, including all matters in aggravation and mitigation relevant to the

5

issue of sentencing. The United States expressly reserves the right to appeal from an unreasonable sentence.

11. This Plea Agreement is binding only upon the United States Attorney for the District of North Dakota. It does not bind any United States Attorney outside the District of North Dakota, nor does it bind any state or local prosecutor. They remain free to prosecute defendant for any offenses under their jurisdiction. This Plea Agreement also does not bar or compromise any civil or administrative claim.

12. Defendant understands the United States Attorney reserves the right to notify any local, state, or federal agency by whom defendant is licensed, or with whom defendant does business, of defendant's conviction.

13. The parties agree that the following Sentencing Guidelines are applicable for defendant's conduct:

Drug Quantity                    22      (USSG § 2D1.1(c))

14. At sentencing, United States agrees to recommend a 2-level downward adjustment for acceptance of responsibility, provided defendant has demonstrated a genuine acceptance of responsibility. (USSG § 3E1.1(a)). The United States further agrees to move for an additional 1-level downward adjustment for timely notifying the United States of defendant's intention to enter a guilty plea, thus permitting the Court and the United States to allocate their resources efficiently. (USSG § 3E1.1(b)).

15. The parties stipulate and agree that, as of the date of this agreement, the defendant appears to qualify for a two-level downward adjustment for acceptance of responsibility. However, the government may, in its discretion, contest the adjustment

under USSG § 3E1.1(a) should the defendant subsequently fail to continue to accept responsibility by failing to abide by the conditions of release, if applicable; by providing false information to the Court, the probation office, or the United States; by unlawfully using controlled substances; by attempting to obstruct justice; by breaching this Plea Agreement; or by acting in a way that is inconsistent with, or failing to act in any way that is consistent with the granting of the adjustment under USSG § 3E1.1(a).

16. Neither the Court nor the Probation Office is a party to the Plea Agreement. Neither the Court nor the Probation Office is bound by the Plea Agreement as to determining the Sentencing Guideline range. Both parties reserve the right to object to any departure. See USSG § 1B1.1, comment. (n.1) (defines "departure"). There may be other adjustments the parties have not agreed upon.

17. At sentencing, the **United States will be bound** to:

    (a) Recommend a sentence **no greater than 96 months incarceration**;

    (b) Recommend a reasonable period of supervised release;

    (c) Recommend that defendant be ordered to pay the applicable special assessment fees;

    (e) Move to dismiss the Indictment.

18. Defendant acknowledges and understands that if defendant violates any term of this Plea Agreement, engages in any further criminal activity, or fails to appear for sentencing, the United States will be released from its commitments. In that event, this Plea Agreement shall become null and void at the discretion of the United States, and defendant will face the following consequences: (1) all testimony and other information

defendant has provided at any time to attorneys, employees, or law enforcement officers of the government, to the Court, or to the Federal Grand Jury, may be used against defendant in any prosecution or proceeding; and (2) the United States will be entitled to reinstate previously dismissed charges and/or pursue additional charges against defendant and to use any information obtained directly or indirectly from defendant in those additional prosecutions. Nothing in this agreement prevents the United States from prosecuting defendant for perjury, false statement(s), or false declaration(s), if defendant commits such acts in connection with this agreement or otherwise.

19. Defendant acknowledges the provisions of Title 18, United States Code, Sections 2259 and 3663A, which require the Court to order restitution. Defendant agrees to pay restitution as may be ordered by the Court. Defendant acknowledges and agrees that the Court will order defendant to make restitution for all loss caused by defendant's conduct, regardless of whether counts of the Indictment will be dismissed as part of this Plea Agreement. Defendant further agrees to grant the United States a wage assignment, liquidate assets, or complete any other tasks the Court finds reasonable and appropriate for the prompt payment of any restitution or fine ordered by the Court.

20. The United States will file a Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms. Defendant and defendant's attorney acknowledge that no threats, promises, or representations exist beyond the terms of this Plea Agreement.

21. **Defendant's Waiver of Appeal.** Defendants have a right to appeal their conviction and sentence (Judgment), unless they agree otherwise. Appeals are taken to the

United States Court of Appeals for the Eighth Circuit (appellate court), pursuant to Title 18, United States Code, Section 3742(a). The appellate court has ruled that defendants can waive (give up) their right to appeal. Defendants often waive their right to appeal as part of a plea agreement and in exchange for concessions by the United States. The appellate court will enforce such waivers.

Defendant and defendant's attorney acknowledge they have fully reviewed and fully discussed the record in this case and all issues that may be raised on appeal. They have fully discussed defendant's right of appeal and the consequences of waiver. Defendant has decided to waive any right of appeal, except as may be provided herein.

By signing this Plea Agreement, defendant voluntarily waives defendant's right to appeal the Court's Judgment against defendant; and, absent a claim of ineffective assistance of counsel, defendant waives all rights to contest the Judgment in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255. **Defendant reserves only the right to appeal from a sentence that is greater than 96 months incarceration.**

Defendant understands that the United States was motivated by defendant's willingness to waive any right of appeal when the United States chose to offer defendant terms of a plea agreement. In other words, the United States was willing to offer certain terms favorable to defendant in exchange for finality. Defendant understands and agrees this case will be over once defendant has been sentenced by the Court. Defendant agrees that it will be a breach of this agreement if defendant appeals in violation of this agreement. The United States will rely upon defendant's waiver and breach as a basis for dismissal of

9

the appeal. Moreover, defense counsel may reasonably conclude and inform the appellate court that an appeal is wholly frivolous. Defense counsel may then move to withdraw, citing <u>Anders v. California</u>, 386 U.S. 738, 744 (1967), and <u>Smith v. Robbins</u>, 528 U.S. 259 (2000). Defendant agrees an appeal in violation of this agreement should be dismissed.

By signing this Plea Agreement, the defendant further specifically waives defendant's right to seek to withdraw defendant's plea of guilty, pursuant to Federal Rules of Criminal Procedure 11(d), once the plea has been entered in accordance with this agreement. The appellate court will enforce such waivers. The defendant agrees that any attempt to withdraw defendant's plea will be denied and any appeal of such denial should be dismissed.

22. The Assistant United States Attorney and attorney for defendant agree to abide by the provisions of Rule 32(f) of the Federal Rules of Criminal Procedure. The attorneys acknowledge their obligation to use good-faith efforts to resolve any disputes regarding the Presentence Investigation Report (PSIR) through a presentence conference or other informal procedures.

23. Defendant acknowledges reading and understanding all provisions of the Plea Agreement. Defendant and defendant's attorney have discussed the case and reviewed the Plea Agreement. They have discussed defendant's constitutional and other rights, including, but not limited to, defendant's plea-statement rights under Rule 410 of the Federal Rules of Evidence and Rule 11(f) of the Federal Rules of Criminal Procedure.

AGREED:

                                                                           DREW H. WRIGLEY
                                                                           United States Attorney

Dated: 7-9-19

By: DAWN M. DEITZ
Assistant United States Attorney

Dated: 7-2-19

JAMES WESLEY BERNARD, A/K/A
GAMAR DUSHAWN KELLY, A/K/A
"GHOST"
Defendant

Dated: 7/8/19

LUKE HECK
Attorney for Defendant

11