In The United States District Court
For The District Of North Dakota

| | |
|---|---|
| James W. Bernard, <br> Petitioner, <br><br> v. <br><br> United States Of America, <br> Respondent. | ) Petition In Request Of <br> ) Compassionate Release And/or <br> ) Relief <br> ) <br> ) Case No: 1:18-CR-090-02 <br> ) <br> ) Hon. Judge Hovland |

Petition In Request Of Compassionate Release
And/or Relief Pursuant To 18 USC §3582(c)(1)(A)


Submitted By:

James W. Bernard
Reg. #: 56824-039
FCI - Elkton
P.O. Box 10
Lisbon, OH 44432

NOW COMES, James Bernard, Petitioner, Pro Se on this 20th day of May, 2020, by and through this petition in request of Compassionate Release and/or Relief pursuant to 18 USC §3582(c)(1)(A)(i) and the First Step Act of 2018 (herein "FSA"), hereby respectfully requesting certain relief from this Honorable Court pursuant to "Extraordinary and Compelling" circumstances both inside and outside of prison involving COVID-19 and it's effects on Petitioner as described herein:

## Jurisdiction

As per the FSA and 18 USC §3582(c)(1)(A)(i), this Court has proper and just jurisdiction over and in this subject matter and request. In order to commence the process of Compassionate Release, a defendant must first request the Warden of their facility motion or petition the Court for Defendant's Compassionate Release on their behalf. In the event of a denial by said Warden, or in the lapse of 30 days from the request, subject matter jurisdiction reverts to the sentencing Court for petition or motion by requesting defendant pursuant to reasons stated in the statute or "Extraordinary and Compelling" Circumstances (Id @ (i)). Fulfilling this statutory requirement, Petitioner Bernard avers that he requested this Compassionate Release from FCI-Elkton's Warden on _____, 2020 and was subsequently denied on _____, 2020.

## STATEMENT OF RELEVANT FACTS

1) Petitioner Bernard is currently incarcerated in FCI-Elkton in Lisbon, Ohio, a BOP "Hot Spot" for COVID-19 as of the date of this filing, also a subject facility involving national media attention and class-action litigation by the ACLU and other civil rights organizations pursuant to "Cruel and Unusual" Punishment conditions deemed by Sixth Circuit Courts;

2) Petitioner was sentenced by this Court on December 16, 2019 to a term of imprisonment of 46 months, and has a current GCT release date of _____;

3) Petitioner has maintained clean conduct, free of incident reports or disciplinary infractions;

4) Petitioner is currently participating in the BOP RDAP Program, of which is non-punitively, abruptly suspended due to the effects of COVID-19 on FCI-Elkton's facility;

5) This pause in programming is pushing Mr. Bernard's release date further ahead on a daily basis as the suspension looms - prejudicing petitioner to no fault of his own;

6) Petitioner's 10 year old child, Gamar, is in desperate need of a father's physical, emotional, and financial support during these unprecedented and fearful times where the family unit is immensely important more than ever;

7) Petitioner's mother is of advanced age and is susceptible to COVID-19 and severe complications due to her age and health conditions. Having Mr. Bernard's love, support, and assistance in this time of need could help mitigate her exposure and the dangers of this novel coronavirus;

8) Petitioner Bernard would unquestionably be a much more valuable asset by being granted relief by "doing his part" in this time of need for both his family and his community, especially by seeking employment at UPS as an essential delivery driver or warehouse worker instead of being simply warehoused without any ability to program nor better himself;

9) Petitioner has no public safety factors, violent history, or escape history which would increase public safety risks or shock public safety shall this court grant relief;

10) Petitioner Bernard is a chronic care inmate at FCI-Elkton by BOP medical standards and requires a higher level of attention and care during normal operations and times, let alone in these unprecedented times where the Elkton compound is already in disarray due to COVID-19 and its effects on the high-density and condensed living areas;

## ARGUMENT

### I. Petitioner Bernard Absolutely Possesses "Extraordinary And Compelling" Circumstances Warranting Compassionate Release And/or Relief From This Court.

As this petition has already sufficiently outlined and described, along with the impact and unprecedented dynamics of COVID-19 both inside and outside prison, this pandemic and it's ravaging effects could quite literally describe exactly what "Extraordinary And Compelling" circumstances are in 18 USC §3582(c)(1)(A)(i). This virus has upended what we know as life "as normal" and has impacted the entire population of the world in some capacity; closing economies, ravaging communities and individuals, and creating havoc and dire conditions in penal facilities like FCI-Elkton — causing courts to become involved and deeming conditions so haphazard and dangerous that they are considered cruel and unusual, thereby unconstitutional. This type of punishment is not and was not intended to be an element of Mr. Bernard's sentence, and he is now relying on this court to utilize it's judicial reach to intervene and assist him and his loved ones in this matter.

Since Mr. Bernard's incarceration, he has heavily invested himself in his programming and rehabilitation. As stated,

He is currently participating in the RDAP program, of which is currently paused. He has taken advantage of other drug education classes and non-residential drug treatment programs offered by the BOP. Additionally, he has furthered his education in Adult Continuing Education (ACE) classes, and has focused on the importance of being a present, loving, and effective father; utilizing this time to better himself. However, due to COVID-19 and it's impact on FCI-Elkton, it is virtually impossible to escape the danger of contracting the virus with no ability to socially distance, employ protective practices, or acquire/purchase quality PPE gear. With this danger, petitioner Bernard's focus on bettering himself could be instantly wiped out by a virus that has caused over 150+ inmate and staff infections at Elkton (utilizing very limited testing) and sadly, 9 deaths - the highest of any BOP facility. Taking the approach of comprehensively reviewing Mr. Bernard's request will demonstrate that he has abandoned the past and criminal thinking that led to this conviction and that he is absolutely contrite for all of the negative behaviors that manifested the conduct of the offenses. Additionally Mr. Bernard is not at all discounting or minimizing the seriousness of his offenses, nor denying culpability in the offenses, however, he wishes to convey again to the court that during this unprecedented time, he would be much

more valuable and productive to his family, his child, and his community on the outside of this dangerous and vile environment of FCI-Elkton than he is currently by being warehoused with no ability to do anything to further his rehabilitation. With this, Petitioner Bernard respectfully and humbly requests this Honorable Court completely and comprehensively review this matter and request and realize that Mr. Bernard has learned from the past, changed his criminal thinking, poses little to no threat to society or for reoffending, has tremendous support, and is absolutely dedicated to his future and goals, but most importantly being a law-abiding productive role model for his child.

### Claim For Relief

WHEREFORE, Petitioner Bernard hereby respectfully requests this Honorable Court completely consider all statements and facts herein, and grant Petitioner the following relief(s) in part or in their entirety:

1) Grant Mr. Bernard Compassionate Release and/or Relief pursuant to the FSA and 18 USC §3582(c)(1)(A)(i), considering Bernard's sentence imposed by this Court as "Time Served";

2) Reduce Petitioner Bernard's sentence to a term that allows for "immediate release" ordering Bernard to self-quarantine at home for a period of not less than 14 days;

3) Resentence or modify Bernard's sentence to a term allowing for home confinement;

4) Grant Petitioner Bernard any or all other additional relief this Honorable Court deems just, proper, and/or fit.

Submitted on this 20th day of May, 2020.

Respectfully Submitted,

*James Bernard*
James W. Bernard
Petitioner/Pro Se