In The United States District Court
For The District Of North Dakota

| | |
|---|---|
| United States Of America, Plaintiff, | Motion In Request Of Court's Reconsideration |
| v. | Case No: 1:18-CR-090 |
| James Wesley Bernard Defendant | Honorable Daniel L. Hovland |

Defendant's Motion In Request Of Court's Reconsideration Of Reduction Of Sentence Pursuant To The FSA, 18 USC §3582(c)(1)(A)(i), And Rule 59(e)

Now Comes, Defendant And Movant James Wesley Bernard, Appearing Pro Se, On This 10th Day Of August, 2020, By And Through This Motion In Request Of Court's Reconsideration Of Reduction Of Sentence Pursuant To The FSA, 18 USC §3582(c)(1)(A)(i), And Rule 59(e), Hereby Humbly And Respectfully Requesting The Honorable Court Reconsider Mr. Bernard's Original Request And Motion For Compassionate Release And/Or Relief Or A Reduction In Sentence Filed With The Court On June 1, 2020

(1)

Based on both the original reasons cited for relief in addition to the additional and supplemental reasons as provided and described herein:

I. The combination of circumstances impacting and involving Mr. Bernard constitute "Extraordinary and Compelling" circumstances warranting compassionate release or a reduction of sentence.

Mr. Bernard is not disputing the fact that the mere presence or threat of COVID-19 in a penal facility is not extraordinary and compelling reasons warranting a reduction in sentence in and of itself, however a more in-depth analysis of the circumstances involving Mr. Bernard demonstrate the need for the court's intervention. Mr. Bernard is currently housed at FCI-Elkton, which alone has experienced an extraordinary impact from COVID-19, as evinced by the 9 fatalities related to COVID-19 (the highest number in the federal system), along with the perpetuating hundreds of positive tests occuring on a weekly basis, and the administration's and staff's ignorance to the real problem that exists. The virus is here, and here to stay and the fact that the administration has made the response up as they went along, almost on an hourly basis is the ultimate snub to CDC guidelines, recommendations on disinfection, and to the courts that have ordered Elkton to actively

(2)

and effectively respond to the immense impact of COVID-19. The contaminated, petri-like units have not even been cleaned, let alone disinfected. One day in the facility would demonstrate that all it is going to take is a mere mutation of the virus, a second wave of infections, or a seasonal strain to occur - all of which experts concur will occur with the novel coronavirus, and things at Elkton will revert right back to where they were in April - June. Nothing has actually changed since the initial impact and subsequent litigations. The facility is a ticking time bomb, and the BOP's "Pandemic Response Plan", of which the government touts in it's oppositions, does NOT work and the conditions under the surface at Elkton is perfect evidence as such. The "Plan" is nothing more than a public relations ploy to satisfy lawmakers, courts, the public, and our loved ones. If it worked, the haphazard daily occurrings at Elkton wouldn't be what they are, the hundreds of positive tests constantly wouldn't exist, and they would have learned from Elkton and the facilities that are getting bombarded now wouldn't be experiencing the impact they are. It works on paper, but applied in real life, it's broken. Finally, no inmates have been transferred, the overcrowding still exists, there is no social distancing, no access to quality PPE, and other CDC recommended protocols for

(3)

Protection are either inhibitive or non-existent. Why continue to place Mr. Bernard's life in danger or peril at the end of his sentence especially when to no punitive fault of his, he has lost the ability to receive §3621(e) RDAP benefits just because of COVID-19's impact on Elkton. This doesn't seem logical nor fair.

II. 18 USC §3553 Factors Deserving Attention

    The final points to be considered for compassionate release are sentencing factors set forth in 18 USC §3553(a). These factors largely weigh in Defendant Bernard's favor. Under §3553(a)(2), the nature and circumstances of the offenses were unremarkable and were Mr. Bernard's first offense in the federal system. Additionally, Mr. Bernard has immense family support and a solid, verifiable release plan including places to live and work.
    Additionally, Mr. Bernard has arduously attempted to program and make effective use of his time while incarcerated. He is and was an active participant in the RDAP program at the "Pause" due to COVID-19 at Elkton, of which is still perpetuating. Due to this suspension, Mr. Bernard has lost any ability to receive §3621(e) benefits - namely a reduction of sentence. To no punitive actions of his own. This becomes a §3553(a)(7) situation - "The need to avoid unwarranted sentence disparities among similarly sentenced/situated defendants". See U.S. v Jelinek

(4)

No. 15-20312, 2020 WL 3833125 (E.D. Mich. July 8, 2020). With this, the fact Mr. Bernard has now lost all abilities to receive any RDAP time credit benefits as compared to an identical defendant sentenced 12 months prior sans COVID-19, and an identical defendant sentenced 12 months from now sans COVID-19, is the definition of unfair disparities. It seems fair to say that denying James Bernard his well-earned RDAP reduction and keeping him in COVID-infested Elkton is illogical.

Additionally, an ignored § 3553(a)(2)(D) – "Providing Effective Correctional Treatment" factor also weighs heavily in Mr. Bernard's favor. All programming, education, library, religious services, and recreation are shut down now, have been for months, and will be for the foreseeable future. Mr. Bernard is doing nothing but "dead time" and this "Effective Correctional Treatment" is virtually impossible in 2020 FCI-Elkton in the COVID era; Mr. Bernard would absolutely be a more effective, positive, and productive individual if left to go home and provide for his family, his children, and his community versus being simply warehoused in dangerous, risky, and vile conditions at Elkton.

III. <u>Mr. Bernard is not a danger to any individual nor anyone in his community.</u>

(5)

U.S.S.G. §1B2.43 advises a defendant seeking compassionate release and/or relief not be a danger to the community nor any individual. It is important to note that this also weighs in Mr. Bernard's favor. Mr. Bernard does not have a lengthy criminal record and this is his first federal offense. Additionally, Mr. Bernard is not violent in nature, and any offenses that were ever committed lack any violence.

Finally, in echoing the government's emphasis on the "BOP's (supposed) efforts towards making more use of home confinement," this court can absolutely directly accomplish this by reducing Defendant Bernard's sentence to time served and imposing mandatory home confinement for the first period of his supervised release.

## Conclusion

Therefore, Defendant James Bernard respectfully requests that this court grant compassionate release and reduce his sentence to time served, with home confinement as a component of supervised release by reconsidering all statements, facts, and rebuttals in this motion and the previously-filed original filing, pursuant to the court's ability under Rule 59(e). As an alternative, defendant requests that this court reduce his custody sentence by one year in order to ensure

(6)

credit for his participation in the RDAP program. And finally that this court realize that all factors that Defendant has raised absolutely constitutes "Extraordinary and Compelling" circumstances when combined, and warrant the court to reconsider the above relief.

Respectfully Submitted,

James Bernard
Mr. James Bernard
Defendant / Pro Se
Reg. #: 56824-039
FCI-Elkton
P.O. Box 10
Lisbon, OH 44432

Certificate of Service

On this 10TH day of August, 2020, I, Defendant James Bernard declare a copy of this motion was tendered to FCI-Elkton Mailroom Officials with proper first-class postage affixed for delivery to: U.S. District Court, Attn: Clerk, 220 East Rosser Ave, Bismarck, ND 58501

James Bernard
James Wesley Bernard

(-7)